Thank you. My name is Cori Flanders, and I am the attorney for the appellant. This case is really about statutory construction. When I went back, it really comes down to just reading the statute. The court took it upon themselves to actually rewrite the statute and rewrite conditions that are not on the face of the statute. It's solely a jurisdictional issue, so it should be reviewed de novo. Under 6015E, an individual is granted jurisdiction if a deficiency is asserted, and they have filed a timely administrative claim, and there hasn't been any action by the IRS within six months. That is exactly what happened in this case. The government and the tax court looked to another statute, 6230, which involves the TEFRA provisions, and that's if there's a partnership proceeding, that generally it requires partnership matters be resolved first before they look at the other items. 6230 on its face does not limit the jurisdiction under 6015E. If you look at it, it says that if there is a partnership proceeding, that an individual may file a claim in the tax court once there's a computational adjustment. It doesn't say that's their only avenue. It doesn't say they're required to do that. Under 6230, it does limit jurisdiction if jurisdiction is sought under 6213. That's not what jurisdiction was sought under here. Jurisdiction was sought under 6015E. And clearly, if you just read the statute, jurisdiction was bested upon the tax court. Counsel, can we turn to 6015E1? Yes, Your Honor. Is that where you're going to start? In the case of an individual against whom a deficiency has been asserted? Correct. Okay. Now, there's some other language elsewhere in the statute that is a little different from deficiency. Is it an assessment of a deficiency? Is that it? Is that the language that gets used in TEFRA? In the TEFRA. Let me tell you. I won't hide the ball. Let me tell you, and then you can help me solve the problem. The government contends that although a notice was issued to your client, that they believe that the notice was issued erroneously and should not have been issued until the proceedings, the TEFRA proceedings concerning the partnership were resolved. So if the government admits that a deficiency was a deficiency issued to your client, first of all. Correct. It was. Now, if the deficiency was issued erroneously, according to the government, then can you still proceed under 6015? Yes. See, that's where I think the tax court error is. We agree that under TEFRA that this notice's deficiency should not have been issued, and it wasn't valid. But just because a deficiency is later deemed invalid, or even if it was invalid from the beginning, it doesn't mean the deficiency was not asserted. It was, in fact, asserted. There's a difference there, and that's where the tax court, I think, basically erred in its decision. A notice of deficiency, and the government admits that they did it intentionally. They did it to hedge their bets. They were concerned that if the partnership was later deemed to be a sham, it didn't exist, that there would have, in fact, been individual level, and there wouldn't have been a TEFRA proceeding. So right there, at the time that the tax court jurisdiction was invoked, it could have been a valid notice of deficiency. They later deemed that, yes. If they decide to hedge their bets, then they have to live with the consequences of having first filed a deficiency, whether it's valid or invalid. Yes, Your Honor. That's exactly. And again. The government can't withdraw the notice of deficiency? They couldn't send your client a letter that says, never mind? The problem is. Most of us seem like we would welcome that. Yes. The case law is pretty clear that jurisdiction is vested at the time of filing the claim. And at the time they filed the claim, the government was still arguing it was a valid notice of deficiency. So if they would have withdrew it before the petition was filed, we wouldn't be here today. Perhaps it's different in tax practice, and you explain it to me, but just because a court has jurisdiction doesn't mean that you're entitled to relief. That is, there's a difference between having jurisdiction and being non-suited. Right. And it seems to me that if the government wants to withdraw the notice of deficiency, then you've been non-suited. There's nothing to decide. In essence, the case is moot, irrespective of the question of jurisdiction. Yes, but this is a case about jurisdiction. I mean, I think that you're right. There would be nothing to relieve, but the courts are really clear that it's at the time the petition is filed, if there's a notice of deficiency or a deficiency has been asserted, and the government at that time in their answer said, yes, this is a valid notice of deficiency. We don't know if that partnership is a sham or not. Has the notice ever been withdrawn? Not to my knowledge, Your Honor. I know that we have conceded, a week later conceded it was an invalid notice of deficiency because there was a tougher proceeding. But that's irrelevant to jurisdiction under 6015E, where you're doing it based on a deficiency being asserted, not a valid notice of deficiency. So will you play it out for us? Notice of deficiency filed, valid or not, it's filed. You then assert jurisdiction in the tax court. Under 6015E, if you're an innocent spouse, and the IRS is saying, it issues you a notice of deficiency saying you owe $5 million. He filed a timely administrative claim. Six months have elapsed since then. They didn't respond. So at that point in time, under 6015E, they say, yes, you can go to the tax court and you can decide whether you're an innocent spouse or not. And what I think is important for you to know. Okay, so let me just, so then you're in tax court. Okay. And then later, you rise and fall on the validity or the presence or absence of that deficiency in terms of whether or not you're an innocent spouse. But that's the substantive part of your claim. That's where I think, actually, that's not, an innocent spouse, can I go into my rebuttal? No, no, I want you to move over so that the microphone. Oh, I'm sorry. I'm sorry. I apologize. I will go into my rebuttal if I have to. But what I do want to explain is that the court, the tax court can actually make a determination as to innocent spouse without knowing the amount of the deficiency. This gives the taxpayer the right to know at that time whether they're going to be liable in this proceeding that could take two years or not. So once they know they're an innocent spouse, usually there's no dispute over the calculation. It's statutorily there. It's very easy to calculate once a deficiency is actually issued. So the calculation is usually not an area of dispute. It's whether you are, in fact, an innocent spouse or not. Thank you. Okay. We'll hear from the commissioner at this time. Counsel? May it please the court, good morning. My name is Theresa McLaughlin, and I represent the commissioner. The commissioner's position is that the tax court correctly determined that there was no stand-alone innocent spouse jurisdiction at this point. The first reason why we think that is right is that Congress has expressly provided in Section 6230 that innocent spouse determinations involving partnership items should await the conclusion of partnership proceedings. And at that point, once a notice of a computational adjustment is issued and an assessment is made, the taxpayer can ask for that assessment to be abated and for a notice of deficiency to be issued. Alternatively, within six months of the issuance of the notice of computational adjustment and payment of the tax, the taxpayer can file a claim for refund, and if it's denied, sue in a district court. Now, the stand-alone remedy provided under Section 6015 is a remedy that's, in addition to any other remedy provided by law. There's two requirements, and, you know, the first of which was touched upon in my sister counsel's argument, and that is that a deficiency must have been asserted against the taxpayer. And the commissioner's position is that that ought to mean the same thing as it means in order to actually support deficiency jurisdiction. So is the commissioner's position at this point that there is no assertion of deficiency? Yes. You did assert one at one time, but you've withdrawn it? What happened? Well, there's a problem with withdrawing a deficiency notice after somebody has filed a petition in tax court. I think it's in Section 6213. The whole tax year has to be determined in that, you know. So I think that is why the tax court has this gloss in partnership cases where there's a TAFRA proceeding already pending. They consider the notice of deficiency void ab initio and not good for any purpose. And I think it's because they know that there's a restriction on withdrawing a notice of deficiency once a petition is filed. What point in the progress of this matter did the commissioner formally declare that the notice of deficiency had been inadvertently issued or whatever? It was in the motion to dismiss this case for lack of jurisdiction. And the issuance was not inadvertent. It was done on purpose. But the reason it was done was to avoid whipsaw. And the problem is that, and our counsel below explained this really eloquently at oral argument, there's a jurisdictional predicate. If these transactions were not actually carried out by the partnership and were carried out by the partners, then there would have been deficiency jurisdiction. But I just felt there, I mean, this whipsaw thing seems to go both ways. So the government basically says at the outset, look, I want to hedge our bets because we might end up in a situation where the determination on the partnership is that that's not really the genesis of the tax liability. So therefore, we've protected ourselves by filing over a year. But then you turn around and say, but even though you filed over a year, and you have to obviously do that in good faith, and that ordinarily would give the tax court jurisdiction, that it doesn't give the tax court jurisdiction. So it seems to me it's kind of like the flip side of the argument that your opposing counsel just made. Well, starting, you know, about 20 years ago with the Maxwell case and the GAF case, the commissioner knows that the tax court has a doctrine that if there is a valid partnership proceeding pending, that's going to be the one that's going to control. But the commissioner was in a legitimate bind here because he didn't know whether these transactions were actually carried out by the partnership. And if you look at the work papers that were worked up on this shelter, some of the, there are tables with blocks, and there are blanks where some, you know, for the account, the name of the account where the transactions were carried out. Not in all of the boxes, but in some of the boxes. So it was really only prudent for the commissioner, you know, before he knows which way the cat is going to jump, with over $25 million in adjustments and nearly $6 million in tax liability riding on it. You know, and these are complicated transactions. To do that protectively. And I know that in alimony cases, you know, where the question is whether someone, whether a payment is deductible as alimony or whether it's child support, the commissioner routinely issues inconsistent notices of deficiency to both spouses. Can you describe to us practically what would happen if we sustained the taxpayer's position in this case? If we agreed with the arguments of your opposing counsel? Okay. Well, I guess. I'm not saying that's what's going to happen. I just would like to have, I think the panel would like to have an idea of what would happen if we said tax court, you're wrong, you do have jurisdiction. What would happen? Well, I guess the court would issue a declaratory judgment that whether or not Mr. Adkison is entitled to. We don't issue judgments. We just issue mandates and they either say affirmed or reversed. You're talking about the tax court now. Oh, yes. Well, I guess it would be remanded. And there would be a question, I'm not sure what would happen in the TEPRA partnership proceeding because those partnership items are, you know, are pending there. Why wouldn't they just issue a stay? Why wouldn't they say, okay, we've got jurisdiction, but we're not going to go ahead until the partnership thing sorts itself out? Well, I guess that would be one thing. And that way the tax court would avoid issuing a declaratory judgment. But our position is that that really puts the cart before the horse. And if you've got a notice of deficiency that can't sustain deficiency jurisdiction. The way you deal with that is you stop the cart, you stop the horse, and you wait until the horse comes around in front. That's what stays are all about, right? Yes, I suppose. Well, we have a backup. We have a fallback argument. You know, assuming that this court were to agree with the taxpayer that a deficiency has been asserted, and, you know, we think that's the wrong construction. But there's another problem with the existence of tax court jurisdiction, and that is that the request for innocent spouse relief has to be pending for six months without action before the taxpayer can go to tax court to get kind of administrative review of that inaction. And under the Treasury regulations, a premature request for innocent spouse relief is not considered a request at all. So what you're telling us is that if we were to reverse and remand, that the tax court would have the full capability to say this action is premature? Yes, it could reach that argument. And we think that that and the regulations in the example, it's clear that in an innocent spouse case involving partnership items, you can't file your claim until the notice of computational adjustment is issued. And we think that that construction is most consistent with what Congress wanted and what it expressly provided in Section 6230A3 and C. Sending it back, and I want to make sure that I'm fully informed on this, sending it back to the tax court saying you do have jurisdiction would not, for lack of a better expression, disarm them, the tax court, from doing any of those things, would it? No. I am just wondering. It could say the action. It could tell the taxpayer that it's premature. It could hold on to matters until the horse gets in front of the cart. It could do any of those things, right? Yes. The question that I am wondering, though, and I haven't thought much about, is what's the effect of sending this back on the partnership proceeding itself? Because I guess it wouldn't disturb the finding that there was no deficiency jurisdiction. It would just be a finding on stand-alone innocent spouse jurisdiction. We think that would be wrong because we think that the commissioner ought to have the flexibility, when he doesn't know the jurisdictional facts, you know, who carried out this transaction to issue a protective notice of deficiency, as was done here. And, you know, for 20 years, the tax court has been finding such notices of deficiency void ab initio and for all purposes. And this may have been the first case where it was found void for a Section 6015E purpose. But we think that the two go hand in hand, and the best construction is one that finds it. If it's not good for supporting deficiency jurisdiction, then it's also no good for a stand-alone case. Let me just ask you back on the ab initio findings. So, in effect, the tax court has been saying, well, you filed your notice of deficiency, but we're going to say it's a fiction because we want the partnership proceedings to go forward. Is that right? Yes. And that's been done based on what authority of the tax court? Starting with the Maxwell case in about 1986 and also renewed in the GAF case. I know that they've done it, but what's the legal foundation for making that determination? It's like saying, well, here it is. You can do this under statute, but we're just going to say it's gone. Well, during a partnership proceeding, there is a provision, I think it's Section 6225, that says during dependency of a partnership proceeding, the commissioner can't issue a notice of deficiency. And it may even be in the circumstances in the Anti-Injunction Act that constitute an express exception to enjoining. So if the issuance of a notice of deficiency can be enjoined, then that's really the legal reason why it's void ab initio. Counsel, I gather that Mr. Atkinson really wants this all resolved and wants to get all the tax as best I can tell. The reason he brought this thing is he wants this over and done with. Apparently he's put $2.5 million in escrow, is that correct, against his liability? Yes, Your Honor. So right now he's hung up because you've still got the TAFRA proceedings against the partnership. Do you have any clue as to how quickly that's going to be wrapped up? I don't know how quickly that's going to be wrapped up. I do know that the stay, the cases in front of Judge Walker in the Northern District of California had been stayed pending the Stein prosecution in the Southern District of New York, and the stay was lifted in, I think, February of last year. So at some point that is going to be resolved. All right. Thank you for your argument. We appreciate it. I think you have more than 55 seconds. What do you have, four minutes? Three? Thank you, Your Honor. That's a very good point. He does have $2.5 million in escrow. If this goes remanded back to the tax court, they could either stay the case or they could determine whether he is an innocent spouse or not. And if they do that, he will have finality on knowing that $2.5 million is the maximum liability he'll have, as opposed to having to come up with another $2.5 million. That's exactly why he filed this, is he wants to know whether he could be liable for $5 million or $2.5 million, and the tax court can decide that. I don't think this is a horse before a cart situation, because the tax court can resolve this innocent spouse matter without knowing the numbers, without knowing anything about the TEPA proceeding. I thought his potential liability was $5.8. You're right. Yes, you're probably right. So the $2.5 isn't half of $5.8. He might owe the other, yes, the other half. It would be half, or I don't think it's exactly half. It would be what is attributed to him. From your client's perspective, what's the problem with simply waiting for the TEPA proceedings? He would have to come up with another close to $3 million, and he would like to know whether he's going to have that liability in his life. That's a large chunk of money for him, and to the extent he's granted innocent spouse relief,  the $2.5 would be his liability, plus or minus a little bit. But basically he wants to know whether he's going to be on the hook for the whole amount or just his innocent spouse portion. His wife has no assets. It's my understanding. I don't know for sure, but it's my understanding. His concern is his wife does not have any assets, and the whole liability would be his responsibility. And this really comes back to you look at the plain language of the statute. The tax court based its decision on what it thought the Congress intended, and it said that Congress overlooked something. Well, the Supreme Court has said that you don't go past the statute if it's unambiguous on its face, and it is. Under 6015E, they get jurisdiction. The statute, the government, and the court is relying on to say, well, Congress intended in TEPA proceedings for them not to do that. It doesn't say that. It doesn't say that they have to wait. It doesn't say that. It says they may wait. But it doesn't say they're required to wait and that jurisdiction under 6015 is moot. So, in other words, if you went back on this, the realistic options would be the government would come back and say you've missed the six-month rule, and therefore you should still be out. Then they would come back and say let us finish the tax proceeding, and you should be stayed. And if they lost that, then you might be able to get an innocence protection. And I think the six-month is pretty clear. It wasn't premature. All the cases that they're relying on, the example in the Treasury regulation, are situations where there was a TEFRA notice only given, but not also a notice of an individual examination. And a notice of an individual examination, according to the regulation, is the starting point of the six months. Counsel, what do you do with 6230, which does seem to – in which TEFRA did seem to take into account the spousal liability, and it specifically refers to 6015? Yes. Yes, Your Honor. And it says that then a spouse may file with the secretary. It does not say – and then it also says that if you look at B, if a spouse files pursuant to 6213, this is their only avenue. But it doesn't say if a spouse files under 6015E, this is their only avenue. So, if you look at the plain language, they have jurisdiction. And that's the problem. That's why the court had to say they had to interpret what Congress was thinking, because it's not in the statute. If you read the statute, they have jurisdiction under 1615E. Okay. Thank you, Your Honors. Thank you both for your arguments. The case, very interesting, just argued, will be submitted for decision. We'll proceed to the next.
judges: Hawkins, McKeown, Bybee